WALT DISNEY PRODUCTIONS and
Walt Disney Music Company,
Plaintiffs,

v.

MATURE PICTURES CORP. et al.,
Defendants.

No. 75 Civ. 394.

United States District Court,
S. D. New York.

Feb. 14, 1975.

Donovan, Leisure, Newton & Irvine, New York City, for plaintiffs by Walter L. Stratton, Harold Barry Vasios, New York City, of counsel.

Kassner & Detsky, New York City, for defendants Mature Pictures Corp. and Robert Sumner by Seymour S. Detsky, New York City, of counsel.

### MEMORANDUM

KEVIN THOMAS DUFFY, District Judge.

This is an action for a preliminary injunction brought by the plaintiffs as owners of the copyright of Mickey Mouse March and seeking to prevent the use of that music by the defendants in a movie entitled "The Life and Times of the Happy Hooker" and/or "The Life and Times of Xaviera".

The "Mickey Mouse March" was an original song written by Jimmie Dodd and used generally in connection with the Mickey Mouse Club television series. Having at the request of the parties viewed major segments of the taped Mickey Mouse Club, it is clear that these programs were made for an audience comprised mainly of youngsters. The Mickey Mouse March apparently was the theme song for this television series.

In the movie produced and distributed by the defendants, there is a portion where three male actors sing some of the words of the Mickey Mouse March and for a period thereafter of approximately four to five minutes, the Mickey Mouse March is played as background music while the female protagonist of the film appears to simultaneously gratify the sexual drive of the three other actors while the group of them is located on or near a billiards table. This gratification is apparently done orally, anally

and vaginally. Supposedly, according to the story line of the film, the three male actors were teenagers "whose father had arranged for her (the female protagonist) to be present as a birthday surprise to them."

At the time the cast on the screen is quite bare except that the male actors are wearing "Mousketeer" hats similar to those worn by the performers in the television productions of the "Mickey Mouse Club".

There can be no doubt that the music played as background in the defendants' film is the copyrighted "Mickey Mouse March". There is no doubt that the plaintiffs, as owners of the copyright, did not give defendants the right to use the song. There is no doubt that the defendants have used the copyrighted material for commercial gain.

The only real question presented is whether the use by defendants of the copyrighted material constitutes "fair use" as a parody.

Defendants claim the music is used to "highlight and emphasize the transition of such teenagers from childhood to manhood . . . in a highly comical setting", and as such is merely a "humorous take-off" on the music.

The exception of "fair use" as described in Rosemont Enterprises, Inc. v. Random House, Inc., 366 F.2d 303, 307 (2d Cir. 1966) lies

". . . in the constitutional purpose in granting copyright protection in the first instance, to wit, 'To promote the Progress of Science and the Useful Arts.' U.S.Const. art. 1, § 8. See Mathews Conveyor Co. v. Palmer-Bee Co., 135 F.2d 73 (6th Cir. 1943); Note, 56 Colum.L.Rev. 585, 595 (1956). To serve that purpose, 'courts in passing upon particular claims of infringement must occasionally subordinate the copyright holder's interest in a maximum financial return to the greater public interest in the development of art, science and industry.' Berlin v. E. C. Publications Inc., 329 F.2d 541, 544 (2d Cir. 1964). Whether the privilege may justifiably be applied to particular materials turns initially on the nature of the materials, e. g., whether their distribution would serve the public interest in the free dissemination of information and whether their preparation requires some use of prior materials dealing with the same subject matter."

■ Parody of a copyrighted article is one of the possible situations where the doctrine of fair use will come into play. See, e. g., Columbia Pictures Corp. v. National Broadcasting Co., 137 F.Supp. 348 (S.D.Cal.1955).

■ The permissible parody of the copyright article is not a complete copy of the original. It can only be permitted "[W]here the parodist does not appropriate a greater amount of the original work than is necessary to 'recall or conjure up' the object of his satire . . . ." Berlin v. E. C. Publications Inc., 329 F.2d, *supra*, at 545.

■ In the instant case, the use is far from the parody—there is a complete copy of the copyrighted material. The original song lasts for only two minutes, yet defendants used the work over and over again for substantially more time than is required to "conjure up the original". While defendants may have been seeking in their display of bestiality to parody life, they did not parody the Mickey Mouse March but sought only to improperly use the copyrighted material.

■ The defendants contend that no injunctive relief should be granted because there is no danger of irreparable damage being done through their use of the copyrighted material. In that contention they are totally wrong. Their use of the copyrighted material in the setting provided is such as to immediately compromise the work. Accordingly, a preliminary injunction will issue.

However, this Court recognizes that the issuance of this injunction could be

used improperly to publicize either the "Mickey Mouse Club" or the "Life and Times of the Happy Hooker", and an order will enter providing that no such commercialization of this decision will be permitted under the penalty of contempt. Since the need for immediate relief is apparent, this Court will enter its own order simultaneously with the filing of this decision.